IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANA HECKART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-cv-0470 |
| v. ) | |
| ) | Judge Nixon |
| THE CITY OF PORTLAND, TENNESSEE ) | Magistrate Judge Bryant |
| JODY MCDOWELL, LUTHER BRATTON, ) | JURY DEMAND |
| STEVE WHITE, MIKE CALLIS, TIM COKER,) | |
| BRIAN HARBIN, and MELVIN MINNIS, ) | |
| ) | |
| Defendants. ) | |

## INITIAL CASE MANAGEMENT ORDER

### A. JURISDICTION:

The jurisdiction of this Court as to the Civil Rights claims alleged in the Complaints in these consolidated cases are made pursuant to 42 U.S.C. § 1983 and §1988 and the First Amendment to the United States Constitution. Venue is proper in this Court as the acts complained of in the Complaints occurred in this judicial district. This Court may exercise supplemental jurisdiction over the Tennessee state law claims as set forth in the Complaints pursuant to Title 28 U.S.C. § 1367.

### B. BRIEF THEORIES OF THE PARTIES:

#### 1. PLAINTIFF, DANA HECKART:

Plaintiff Dana Heckart was employed by the City of Portland as a police officer, and held the rank of sergeant in the department. The individual Defendants are either current or former council members of the City of Portland.

There is a long history of political favoritism and cronyism within the Portland city government, and many times it spills over to the police department. Robert West became Director of Safety, and also served as chief of police. Mr. West attempted to make the police department more professional. Mr. West hired quality individuals like Melvin McLerran, who was made a lieutenant in the department. Lt. McLerran was directly over Plaintiff Heckart in his role as sergeant.

Starting in approximately 2010, the Portland city council attempted to cut the police department budget, which in turn greatly effected and reduced the level of moral with the police department. Chief West was aware of the problem, as was Lt. McLerran and Plaintiff Heckart. A meeting was held on March 18, 2010 by Chief West to address the officers and their concerns over the proposed budget, and to provided answers for a lot of the gossip and rumors which were circulating around the city at that time. Later on, Lt. McLerran and Plaintiff Heckart held a private meeting with the officers about the pay cuts, and strategy to fight the budget reductions. It is the contention of Plaintiff Heckart that the conversation with the officers, even though it may at times have been somewhat off color, was designed to address topics that were clearly matters of public concern. In short, Plaintiff Heckart and Lt. McLerran were attempting to educate the officers about what they (and their families) could do to fight city hall.

Unfortunately for Plaintiff Heckart, someone clandestinely recorded the March 18, 2010 meeting. About a year later in May 2011 the recording surfaced, and was made available to several council members. An investigation was first conducted by District Attorney Ray Whitley over the propriety of the audiotape, who listened to the tape and did not find anything illegal about its substance. It is believed the tape was later altered,

and used by certain individual council members (now Defendants) to cast Plaintiff Heckart in a false light. The council members were able to force Chief West to conduct an investigation, but he concluded that termination under the circumstances was not a proper remedy for Plaintiff Heckart. Mayor Wilber agreed. This did not satisfy the individual council members (now Defendants), who insisted among themselves after making several false, slanderous and misleading statements about Plaintiff Heckart, to terminate his employment. It is as a result of the wrongful termination by the individual council members (now Defendants) based on protected free speech under the First Amendment that Plaintiff Heckart brings this cause of action.

At the time of his termination, Plaintiff Heckart was earning an annual salary of approximately $55,000, plus health and dental insurance, and other benefits. Plaintiff seeks an award of compensatory damages, as well as punitive damages, for the wrongful termination.

2. **DEFENDANTS, THE CITY OF PORTLAND, JODY McDOWELL, LUTHER BRATTON, STEVE WHITE, MIKE CALLIS, TIM COKER, BRIAN HARBIN and MELVIN MINNIS:**

Defendants deny that any action or inaction on their part violated Plaintiff's constitutional rights or deprived him of any interest under federal or state law. No policy, practice, procedure or custom of the City caused Plaintiff to be unconstitutionally terminated.

Plaintiff was not terminated for exercising his right to freedom of speech under the First Amendment. Plaintiff's employment was terminated for violation of the City's personnel and Police Department policies and regulations. Plaintiff was found

responsible for making offensive statements, for failing to treat fellow officers civilly and respectfully, for acting insubordinately and disrespectfully toward his superiors, for conducting himself in a manner unbecoming and detrimental to service as a police officer, and for using coarse and insolent language to members of the police department, all in violation of Police Department policy. Plaintiff also exhibited disgraceful personal conduct or language toward the public, fellow officers and employees in violation of the City's personnel policy.

Defendants incorporate by reference all the affirmative defenses made in their Answers to the Complaint and in their Motion to Dismiss. Plaintiff had no protected First Amendment right of association or speech relevant to the incident which precipitated his termination. Plaintiff's speech was not a "matter of public concern" and, therefore, was not entitled to protection under the First Amendment.

The individual Defendants are entitled to qualified immunity for money damages under 42 U.S.C. § 1983. The City has no liability under 42 U.S.C. §1983 because no policy, practice, procedure or custom of the City was the moving force behind any alleged constitutional violation.

The City is immune under Tennessee's Governmental Tort Liability Act, T.C.A. § 29-20-101, et seq., for Plaintiff's alleged intentional torts by the individual defendants. The City is also immune from punitive damages under the Governmental Tort Liability Act and 42 U.S.C. § 1983.

The individual Defendants McDowell, Minnis, White and Coker did not slander Plaintiff as the alleged defamatory statements were neither defamatory nor untrue, and their statements were not made with malice, reckless disregard for the truth, or

negligence in failing to ascertain the truth. These Defendants also are entitled to the qualified or conditional public interest privilege afforded them under common law. Furthermore, the individual Defendants are entitled to immunity under the Governmental Tort Liability Act based on their membership on the Board of Mayor and Aldermen.

Defendants McDowell, Minnis, Bratton, White and Coker are not liable for intentional interference with an employment relationship as they did not act with malice or with any improper motive or means.

Defendants have not violated any federal or state law and Plaintiff's claims have no merit and should be dismissed. Defendants request attorney fees and costs for the defense of Plaintiff's claims under 42 U.S.C. § 1983 as there is no legal basis for these claims.

 C. **ISSUES RESOLVED:** Jurisdiction and venue.

 D. **ISSUES STILL IN DISPUTE:** Liability and damages.

 E. **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **August 31, 2012**.

 F. **DISCOVERY:** The parties shall complete all written discovery by February 1, 2013, and depose all fact witnesses on or before **May 15, 2013**. Written discovery requests shall be served so that their answers and objections may be served by February 1, 2013, in accordance with the 30-day rule under 33(b)(2) Fed. R. Civ. P. Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have

G. **MOTIONS TO AMEND:** The parties shall file all Motions to Amend on or before **November 30, 2012**.

H. **DISCLOSURE OF EXPERTS:** Plaintiffs shall identify and disclose all expert witnesses and expert reports on or before **March 1, 2013**. Defendants shall identify and disclose all expert witnesses and reports on or before **April 1, 2013**. Rebuttal experts, if any, shall be identified and disclosed (along with expert reports) on or before **May 3, 2013**.

I. **DEPOSITION OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before **June 7, 2013**.

J. **JOINT MEDIATION REPORT:** The parties shall submit a joint mediation report on or before **February 15, 2013**.

K. **DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before **July 12, 2013**. Responses to dispositive motions shall be filed within twenty-one (21) days after service. Briefs shall not exceed twenty (20) pages. Optional replies may be filed within fourteen (14) days after the filing of the response and shall not exceed five (5) pages. No motion for partial summary judgment shall be filed except upon leave of Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

L. **ELECTRONIC DISCOVERY:** The parties have reached agreements on how to conduct electronic discovery. Thus, the default standard contained in Administrative Order No. 174 need not apply to this case.

M. **ESTIMATED TRIAL TIME:** The parties expect the trial to last approximately five (5) days. This action is set for jury trial on November 26, 2013, at 9:00 a.m., A pretrial conference shall be held on November 15, 2013, at 10:00 a.m., before Senior Judge Nixon.

It is so **ORDERED**.

*s/ John S. Bryant*
Honorable John S. Bryant,
United States Magistrate Judge


Respectfully submitted and approved for entry:


/s/ David L. Cooper
David L. Cooper
THE LAW OFFICE OF DAVID L. COOPER, PC
Third Avenue North Building
208 Third Avenue North, Suite 300
Nashville, TN 37201
Tel: (615) 256-1008
dcooper@cooperlawfirm.com
*Counsel for Plaintiff Dana Heckart*


/s/ Aaron S. Guin
Aaron S. Guin, TN BPR #21200
FARRAR AND BATES, L.L.P.
211 Seventh Avenue North, Suite 500
Nashville, TN 37219
aaron.guin@farrar-bates.com
Counsel for Defendants